IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTIE MAGEE, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | No. 1:12-cv-6564 |
| v. ) ) | Judge John Z. Lee |
| HEALTH CARE SERVICE CORPORATION,) A Mutual Legal Reserve Company, ) ) | |
| Defendant. ) | |

## ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF SETTLEMENT AND DISMISSING CLAIMS WITH PREJUDICE

Plaintiff Mattie Magee and Defendant Health Care Service Corporation ("HCSC") have reached a proposed Settlement Agreement resolving all claims in this lawsuit. The Plaintiff has filed an unopposed motion for final approval of the proposed Settlement Agreement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Having reviewed the Plaintiff's motion and having held a public hearing on the fairness of the Settlement Agreement, with counsel for all parties present, the Court orders as follows:

1. Pursuant to the Court's December 14, 2012 Order, the Court hereby grants final approval as fair, reasonable, and adequate, to the Joint Stipulation of Settlement and Release (which is adopted and incorporated fully be reference herein) pursuant to Federal Rule of Civil Procedure 23(e). The Court confirms the certification for settlement purposes only, pursuant to Rule 23(a)(1)-(4) and (b)(3), of the Settlement Class as follows: employees or job applicants who applied to work for or worked for

HCSC during the time frame of August 17, 2010 to August 17, 2012 and who are identified in the Class List attached as Exhibit B to the Joint Stipulation of Settlement and Release filed November 27, 2012 (Dkt No. 25-2), with the exception of Kara L. Wagner, who timely filed an opt out notice.

2. The Court finds that Simpluris, Inc. ("Simpluris"), the appointed Settlement Administrator, has met all requirements the Court set forth in its Order Granting Preliminary Approval of the Settlement, including dissemination of the Class Notice and verifying addresses of Class Members whose notices were returned as undeliverable. The Court finds that the direct mail notice program used in this case satisfies Rule 23(e) of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution.

3. The Court finds that Defendant has met all the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

4. The Court has determined the terms of the settlement to be a fair, reasonable, and adequate resolution of this matter.

5. The Court hereby dismisses this case with prejudice against Defendant without further costs, including claims for interest, penalties, costs, and attorneys' fees. The Settlement Class Members are found to have released and discharged Defendant and the other Released Parties identified in the Parties' Joint Stipulation of Settlement and Release from claims arising out of HCSC's alleged failure to provide Class Members a copy of their consumer report and a summary of their rights under the Fair Credit Reporting Act, and occurring between August 17, 2010 and August 17, 2012. Accordingly, and for the avoidance of doubt, all claims of the Named Plaintiff identified

in paragraph E.1 of the Joint Stipulation of Settlement and Release and all claims of the Settlement Class Members identified in paragraph paragraph E.2 of the Joint Stipulation of Settlement and Release are hereby dismissed with prejudice, without further costs, including claims for interest, penalties, costs, and attorneys' fees.

6. Without affecting the finality of this order, this Court hereby retains continuing and exclusive jurisdiction over the Parties, the Settlement Class, and implementation of the Joint Stipulation of Settlement and Release and any award or distribution of the Qualified Settlement Fund ("QSF"), including interest earned thereon.

7. The Court directs payment to Mattie Magee a sum of $250.00 each over and above the amount that she is entitled to by virtue of her status as a Class Member. This payment shall occur no later than ten days after entry of this order.

8. The Court directs payment to Class Counsel a total sum of $13,333.33, which amounts to 33% of the common fund created by the Settlement Agreement. The Court finds that this award of attorneys' fees, costs, and expenses fairly represents the market rate of Plaintiff's attorneys services, had their fee been negotiated with the purported class at the outset of the litigation. This payment shall occur no later than ten days after entry of this order.

9. The Court directs payment of $3,680.00 to Simpluris for work performed as Settlement Administrator. This payment shall occur no later than ten days after entry of this order.

10. The Court directs Simpluris to issue checks in equal amounts, as provided in the Settlement Agreement, to the 33 Class Members who returned valid claim forms. This payment shall occur no later than ten days after entry of this order.

ENTERED:

_____
United States District Court

Dated: _____4/8/13_____